UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-23589-GAYLES

LAMONT COLLINS,

     Plaintiff,

v.

CITY OF MIAMI,
OFFICER KENNETH LEWIS,
OFFICER WANDLER PHILIPPE,
and DOUBLETREE GRAND HOTEL,

     Defendants.

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. On August 27, 2020, Plaintiff Lamont Collins, appearing *pro se*, brought this action against Defendants City of Miami, Officers Kenneth Lewis and Wandler Philippe, and Doubletree Grand Hotel and moved to proceed *in forma pauperis*. [ECF Nos. 1, 3]. Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for

the relief sought." Fed. R. Civ. P. 8. Additionally, Rule 10(b) of the Federal Rules of Civil Procedure requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Eleventh Circuit has explained that the purpose of these rules is

> to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*T.D.S. Inc. v. Shelby Mutual Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting).

To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In reviewing *pro se* complaints, the Court applies the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529–30 (2011) (citations and internal quotations marks omitted).

In his two-page "Notice of Claim," Plaintiff confusingly states that he brings "This Claim in Writing, prior to filing Civil Suit against The City of Miami." [ECF No. 1 at 1]. Liberally construed as a civil complaint, Plaintiff's "Notice of Claim" is still wholly deficient. Plaintiff claims that he seeks monetary damages for (1) "pattern/custom of City of Miami Police Internal Affairs Investigations that validate Officer violations of Departmental Policy, and The Constitutional Rights of Plaintiff (Citizens)"; (2) "Defendant 'City' [sic] lack of Supervision/Training of Officers"; (3) "illegal detainment and false arrest under The Fourth Amendment"; and (4) "violation of his Equal Protection and Due Process Rights under The Fourteenth Amendment." *Id.* However, Plaintiff provides no factual support for his bare assertions that his constitutional rights were violated. Therefore, Defendants cannot "discern what [Plaintiff] is claiming and frame a responsive pleading[.]" *T.D.S. Inc.*, 760 F.2d at 1544 n.14. Because Plaintiff's pleading contains no factual allegations, Plaintiff has failed to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

(1)     Plaintiff's pleading, titled "Notice of Claim," [ECF No. 1], which the Court construes as a complaint, shall be **DISMISSED without prejudice**;

(2)     All pending motions shall be **DENIED as moot**; and

(3)     The case shall be **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of August, 2020.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE